**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MALCOLM WASHINGTON,

Plaintiff,

-v- 3:26-CV-1373 (AJB/CBF)

ENDICOTT POLICE
DEPARTMENT *et al.*,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

MALCOLM WASHINGTON
Plaintiff, Pro Se
1903 East Main Street, Apt. 3E
Endicott, NY 13760

**Hon. Anthony Brindisi, U.S. District Judge:**

**ORDER ON REPORT & RECOMMENDATION**

On July 13, 2026, *pro se* plaintiff Malcolm Washington ("plaintiff") filed this 42 U.S.C. § 1983 action alleging that defendants violated his constitutional rights. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2. Plaintiff also filed certain letter requests, Dkt. Nos. 6, 8, that were denied without prejudice pending a decision on his IFP Application, *see* Dkt. No. 9.

On October 19, 2026, U.S. Magistrate Judge Carla B. Freedman granted plaintiff's IFP Application, Dkt. No. 10, and, after conducting an initial review of the pleading, advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with leave to amend, Dkt. No. 11. As Judge Freedman explained, plaintiff's complaint, as currently pleaded, included little in the way of non-conclusory factual allegations about how any particular defendant might have

been involved in the alleged events. *Id.* Further, because it was unclear whether the arrest about which plaintiff complained might have led to state-court charges and/or a conviction, Judge Freedman determined that some or all of plaintiff's claims might be barred by certain Supreme Court precedent. *Id.* However, in light of plaintiff's *pro se* status, Judge Freedman reasoned that plaintiff should be given an opportunity to try to replead his civil rights claims. *Id.* To help him do so, Judge Freedman gave plaintiff a clear set of instructions about how to properly amend. *Id.*

Plaintiff has lodged objections three times. Dkt. Nos. 12, 17, 18. Plaintiff has also filed an amended complaint, Dkt. No. 13, with supplemental exhibits, Dkt. No. 14. Upon *de novo* review, plaintiff's objections do not provide any basis on which to second-guess the conclusions in the R&R. Contrary to plaintiff's arguments, the Federal Rules of Civil Procedure and governing Supreme Court precedent require a plaintiff to include in their pleading sufficient, non-conclusory factual details to state a plausible claim for relief under the relevant governing law. To do so, there is typically a minimal obligation on behalf of the plaintiff to state some things about the information known to them: the who, what, why, where, and when, at least to the extent these facts are within their personal knowledge. Accordingly, the R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C).

The R&R granted plaintiff leave to amend. But as noted, plaintiff has already filed an amended complaint, Dkt. No. 13, with exhibits, Dkt. No. 14. Because he has been granted leave to proceed IFP, plaintiff's amended complaint must wait for an initial review before Judge Freedman.[1] *See* 28 U.S.C. § 1915. The Court will refer the latest pleading to her for that purpose, and for any other action she deems necessary.

[1] Plaintiff should be familiar with this procedure. He frequently litigates matters *pro se* and IFP in this judicial district. *See, e.g.*, *Washington v. Pelella*, 3:25-CV-229 (DNH/DJS).

Finally, plaintiff is cautioned that there can be only one operative pleading at a time. Seriatim filings (such as plaintiff's decision to lodge objections and then file his amended complaint, all while the R&R was still waiting for review by this Court, followed by repeatedly filing copies of his objections using the regular mail and the Court's electronic file portal ("MFT")) lead to nothing but confusion and delay. Plaintiff is advised that the next step is for Judge Freedman to conduct a review of the amended complaint. She will either issue an order directing service of the pleading or issue another R&R, at which time plaintiff will have a further opportunity to object.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 11) is ACCEPTED;

2. Plaintiff's complaint (Dkt. No. 1) is DISMISSED with leave to amend; and

3. Plaintiff's amended complaint (Dkt. No. 13) is REFERRED to Judge Freedman for further action as appropriate.

The Clerk of the Court is directed to terminate the pending motion and refer the file accordingly.

**IT IS SO ORDERED.**

Dated: October 28, 2026
Utica, New York.

Anthony J. Brindisi
U.S. District Judge